### Dubuque *v.* Clayton Co.

Under the act to establish the boundary lines of Dubuque, Clayton and other counties, each county named, as it became organized, was liable to liquidate and pay its portion of the indebtedness of the original county of Dubuque; consequently a petition for mandamus against one of the organized counties need not aver that all the other counties are organized

Error *to Clayton District Court.*

*Opinion by* Greene, J.  A proceeding by mandamus commenced by Dubuque against Clayton county, to require the commissioners of Clayton to pay that county's *pro rata* of the county indebtedness which was contracted when Clayton county was a part of Dubuque.

Iowa, while a part of Wisconsin, was comprised in two counties, Dubuque and Des Moine.  The boundary line between the two, ran due west from a point on the Mississippi river, a little south of Davenport.  In 1837 the Wisconsin legislature subdivided Dubuque into a number of other counties, by " an act to establish the boundary lines of the counties of Dubuque, Clayton, Jackson, Benton, Linn, Clinton, Johnson, Scott, Delaware, Buchanan, Cedar, Fayette and Keokuk, and to provide for the location of the seats of justice in said counties, and for other purposes." Among the other purposes, this act provides " that the proper authorities of the several counties hereby established, so soon as the said counties shall become organized, shall liquidate so much of the debt now due and unpaid, by the present county of Dubuque, as may be their legal and equitable proportion of the same, according to the assessment value of the taxable property which shall be made therein."

In the court below, the attorney for Clayton county filed a demurrer to the petition for mandamus, and also a

Dubuque *v.* Clayton Co.

motion to quash the writ and dismiss the proceedings. Both of which were sustained by the court.

1. Under the demurrer it was contended that the act of 1837 could not be enforced till all the counties named in the law were organized. But the law itself speaks of those counties as "*hereby established*,"—Laws of 1837, § 21—and then refers to the liability that should "so soon as the said counties should be organized," be attached to each, "in accordance to the assessment value of the taxable property." In order to arrive at the *pro rata* indebtedness of an organized county, it was not necessary that all the counties named in the act should be organized by the election of officers, &c., because the assessment value of the taxable property of all the new counties was ascertainable, whether they were all so organized or not. The territorial extent and boundaries of each new county, created by the act, were defined by law, and thus a distinct locality could be given to each item of taxable property. It appears that this duty had been performed by the appropriate officers, and the liability of each county ascertained, and, therefore, as each county became organized, the obligation was created to liquidate its portion of the general indebtedness.

The demurrer appears to have been sustained because the petition does not aver that the several counties mentioned in law had been organized. But as the petition makes the averment in relation to Clayton county, and as the county became liable on such organization, we think the demurrer should have been overruled.

Judgment reversed.

*D. S. Wilson* and *J. Burt*, for Dubuque county.

*Smith & McKinley*, for Clayton.